OLIVER, Jr., Plaintiff-Appellee, v. CHESAPEAKE & OHIO RAILWAY COMPANY, a Corporation, Defendant-Appellant.

Ohio Appeals, Second District, Franklin County.

No. 5540.   Decided October 11, 1956.

Schwenker, Teaford, Brothers & Solsberry, Bernard P. Bernard, of Counsel, Columbus, for plaintiff-appellee.

Wilson & Rector, Columbus, for defendant-appellant.

## OPINION

**By THE COURT.**

This is an appeal on questions of law from the judgment of the Common Pleas Court of Franklin County entered on a verdict of a jury returned in favor of the plaintiff for the sum of $50,000.00 in an action under the Federal Employers' Liability Act, for damages arising out of a personal injury.

Plaintiff alleges that he was an employee of the defendant company and assigned the task of moving ashes from the boiler room used in connection with the operation of their roundhouse, to a dump car standing on a track in defendant's railroad yards; that at five-thirty A. M. on December 16, 1953 it was cold, dark and snowing; that the walks, wooden ramp and platform between the boiler room and the ash car were covered with snow and ice, and in a slippery condition; that plaintiff was required to use a rubber-tired wheelbarrow to transport the ashes; that after he had dumped a load of ashes in the ash car, he was pushing the wheelbarrow back down the ramp toward the boiler room when the wheelbarrow suddenly skidded and plaintiff's feet slipped out from under him; plaintiff fell on his back with great force, was knocked unconscious, and by reason of the injury became permanently and totally disabled. Plaintiff further alleges that the proximate cause of his injury was defendant's negligence in this, to wit: Defendant failed to provide a safe place to work; defendant failed to provide plaintiff with safe working equipment; and defendant failed to promulgate and enforce a rule providing that an employee must first clean and, if necessary, apply salt, cinders, ashes or sawdust to platforms, walks, ramps, etc., over which such employee is required to transport equipment or material, when such surface has been made slippery by weather or other conditions. Defendant's first defense was in the nature of a general denial; in the second defense, defendant pleaded contributory negligence. Plaintiff's reply was a general denial.

Defendant assigns as error: Overruling of defendant's motion to withdraw from the jury the evidence with respect to a defective wheelbarrow; in giving before argument three special instructions; the verdict was contrary to the weight of the evidence; overruling defendant's motions for directed verdict at the close of all the evidence.

The plaintiff charged in his petition that "defendant failed to provide the plaintiff with a safe place to work in that it required him to push the wheelbarrow up and down the ramp under the circumstances then and there existing" and, also, that "defendant failed to provide plaintiff with safe working equipment, etc." Under the specifications of negligence evidence with respect to defect in the wheelbarrow was admissible.

Special Instruction No. 1 reads as follows:

"I charge you that contributory negligence is not a bar to recovery by the plaintiff in this case."

This is a correct statement of the law. The court is not required to further charge on comparative negligence to make the charge complete and state that under the Federal Employers' Liability Act the doctrine of comparative negligence applied.

Special Instruction No. 2 reads as follows:

"I charge you that if the work which plaintiff was doing was dangerous unless rules were made for its conduct, it was the duty of the defendant to exercise reasonable care in promulgating and enforcing rules to protect plaintiff against dangers incident to such work."

Under the Federal Employers' Liability Act the employer is required to safeguard the employees by the adoption of methods and the promulgation of rules and regulations where the work is dangerous. Whether plaintiff's work was dangerous, requiring rules for its conduct, was a jury question. We can not find that the work was not dangerous as a matter of law. The defendant offered evidence to the effect that plaintiff had been cautioned by fellow employes that the work was dangerous. This instruction is based upon plaintiff's fourth specification of negligence.

Special Instruction No. 3 reads as follows:

"I charge you that if you find that the plaintiff was injured, and that the injuries of plaintiff were proximately caused by negligence of the defendant in any one or more of the respects charged, then your verdict must be for the plaintiff. If you further find that plaintiff himself was guilty of some negligence which proximately contributed to cause such injuries, you must consider such negligence of the plaintiff in fixing the amount of your verdict.

"If you find that the plaintiff was not injured, or that the plaintiff was injured, but that the injuries of plaintiff were caused solely and entirely by his own negligence, the defendant not being guilty of any negligence whatsoever in any one of the respects charged, then your verdict must be for the defendant."

Appellant contends that this instruction was not complete. We do not agree. In our opinion the special instructions were sufficiently complete and applicable to the issues raised by the pleadings and the evidence.

We do not find the verdict to be excessive. The special damages alone amounted to almost $10,000.00. The refusal of plaintiff to undergo corrective surgery and the uncertainty of the outcome, which may be beneficial or prove fatal, was presented to the jury. The effort made by plaintiff to find suitable employment, all of which was relevant, was presented to the jury to assist it in determining whether plaintiff made a reasonable effort to minimize the damages.

We find no prejudicial error in overruling defendant's motion for a directed verdict at the close of all the evidence; neither do we find the verdict to be contrary to the weight of the evidence. We find no assignment of error well made.

Judgment affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.